IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER W. ROBINSON,**

**Petitioner,**

    v.

**UNITED STATES OF AMERICA,**             **No. 04-CV-496-DRH**

**Respondent**.             **No. 01-CR-30173-DRH**

**ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Christopher W. Robinson's petition/motion for relief under **28 U.S.C. § 2255**. The Government opposes the petition/motion. Having closely examined the record before it, the Court concludes that an evidentiary hearing is not needed in this matter. ***See Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002)("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions");** ***Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000)(hearing not required where record conclusively demonstrates that a defendant is entitled to no relief on § 2255 motion);** ***Oliver v. United States*,**

**961 F.2d 1339, 1343 n.5 (7th Cir.)(court need not hold evidentiary hearing to decide § 2255 claims that raise factual matters capable of being resolved on the existing record),** *cert. denied***, 506 U.S. 976 (1992)**. *See also*, **Rules 4(b) and 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS;** *Aleman v. United States*, **878 F.2d 1009, 1012 (7th Cir. 1989)(judge should dismiss § 2255 petition without hearing, if it appears from the facts of the motion, exhibits, and prior proceedings in the case that the movant is not entitled to relief)**. Based on the following, the Court denies Robinson's petition/motion.

On March 28, 2002, Robinson entered an open guilty plea to a one count indictment charging conspiracy to distribute more than 500 grams of cocaine. On August 1, 2002, the Court sentenced Robinson to 188 months imprisonment. This sentence was at the low end of the applicable Guideline range. The Court also imposed a $1,500 fine, five years of supervised release and a special assessment of one hundred dollars. Robinson filed a notice of appeal on August 7, 2002 (Doc. 38). On March 5, 2003, Robinson's appointed counsel on appeal, Richard H. Parsons, filed an *Anders* brief and moved to withdraw from the appeal. The Seventh Circuit notified Robinson of his right to respond to the *Anders* brief. Robinson did not and, therefore, on April 28, 2003, the appeal was dismissed. Robinson did not file a petition for writ of certiorari with the United States Supreme Court. Instead, Robinson, *pro se*, timely filed a **28 U.S.C. § 2255** petition with this Court (Doc. 1).

On September 16, 2004 and again on June 28, 2005 Robinson filed a supplement to his original § 2255 petition adding additional arguments for § 2255 relief (Docs. 3,5). Robinson's original and supplemental § 2255 petitions argue that relief should be granted for the following reasons: 1) Robinson's counsel was ineffective for failing to properly explain the elements of the offense of conspiracy; 2) the Court accepted Robinson's guilty plea without properly determining whether there was a factual basis for the plea; 3) Robinson's Sixth Amendment rights were violated because a jury did not make the drug quantity determination relevant to his sentencing; and 4) the Court exceeded its authority when applying the Career Offender Enhancement at Robinson's sentencing and Robinson's counsel was ineffective for failing to object to the enhancement. On March 3, 2006, the Government responded to Robinson's petition (Doc. 9); Robinson did not file a reply.

## II. Analysis

**28 U.S.C. § 2255** provides:

> A prisoner in custody under sentence of a court established by the Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 was enacted to provide the court of the district in which a defendant is *sentenced* the same remedies available by habeas corpus proceedings to the court of the district in which a prisoner is *confined*. **Hill v. United States,**

**368 U.S. 424, 427 (1962)**.  The grounds for relief under § 2255 are considerably more narrow than the grounds for relief on direct appeal.  Relief under Section 2255 is "reserved for extraordinary situations." ***Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996),** *citing **Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)**.  A criminal defendant may attack the validity of his sentence under Section 2255 only if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

**28 U.S.C. § 2255;** *Prewitt*, **83 F.3d at 816**.  However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." ***Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995);** *see also **Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994)**.  Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

***Prewitt*, 83 F.3d at 816 (emphasis in original).** *See also **Reed v. Farley*, 512 U.S. 339, 354 (1994)**.  The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct

>appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal."

***Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992),** *overruled on other grounds, Castellanos v. United States,* **26 F.3d 717 (7th Cir. 1994)**.

Furthermore, a petitioner filing a petition pursuant to **28 U.S.C. § 2255** must state specific facts which describe each ground for relief so that the district court may tell from the face of the petition whether habeas review is warranted. **See Rule 2(b) of the Rules Governing § 2255 Cases;** *see also Adams v. Armontrout,* **897 F.2d 332, 334 (8th Cir. 1990)(§ 2254 petition)**. A § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error. **See *Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992)(holding that a district court may deny a § 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court.");** *see also* **Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989)(holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims);** *see also* **United States v. Aiello, 814 F.2d 109, 113-14 (2nd Cir. 1987)(holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory**

assertions and hearsay statements."); *see also United States v. Unger,* 635 F.2d 688, 691 (8th Cir. 1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient."). Because Robinson is not represented by counsel, his motion must be liberally construed.[1] *Blake v. United States*, 841 F.2d 203, 205-06 (7th Cir. 1998).

As an initial matter, the Court notes that Robinson's unconditional guilty plea waived all non-jurisdictional defects. *See United States v. Rogers*, 387 F.3d 925 (7th Cir. 2004). In addition, Robinson failed to raise any of these claims on direct appeal. Constitutional claims, except ineffective assistance of counsel, *see Massaro v. United States*, 538 U.S. 500 (2003), are procedurally barred if not raised on direct appeal unless a petitioner is able to show both cause and actual prejudice. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). With these principles in mind, the Court addresses the merits of Robinson's petition/motion.

A.  Ineffective assistance of counsel

Robinson was first represented by Attorney Andrea Smith at his arraignment hearing. Attorney Matthew Zavac was later appointed and represented

---

[1] Robinson did file a motion to appoint counsel (Doc. 4), but it was the Court's determination from reviewing Robinson's motion that the issues involved were not so complex that counsel was necessary. Civil litigants have no constitutional or statutory right to be represented by an attorney in federal court. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). This remains true even if a litigant is collaterally challenging a criminal conviction in a habeas proceeding. *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir.), cert. denied, 519 U.S. 894 (1996). Therefore, Robinson's motion to appoint counsel is **DENIED AS MOOT**. (Doc. 4.)

Robinson throughout his plea and sentencing. As mentioned above, Robinson also had appointed counsel on his appeal; however, the Seventh Circuit granted Robinson's appeal counsel's motion to withdraw.

To establish a claim of ineffective assistance of counsel, a petitioner must show two things. *First,* the petitioner must show that his counsel performed in a deficient manner. **Strickland v. Washington, 466 U.S. 668, 687 (1984)**. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representations fell below an objective standard of reasonableness." **Id. at 687-688**. A court, in reviewing a petitioner's claim of ineffective assistance of counsel, must give great deference to the attorney's performance due to the distorting effects of hindsight. **Id. at 689**. In addition, the petitioner must overcome a strong presumption that the attorney's conduct falls within a wide range of reasonable professional assistance. **Id.**

*Second,* the petitioner must show that counsel's deficient performance prejudiced him. **Id. at 687**. A petitioner must show that counsel's errors "actually had an adverse effect on the defense." **Id. at 693**. Further, the Supreme Court has held that a defendant must show that counsel's errors rendered the proceedings "fundamentally unfair or unreliable" in addition to simply showing prejudice. **Lockhart v. Fretwell, 506 U.S. 364 (1993)**.

Robinson asserts that both Smith (who represented Robinson at his arraignment) and Zavac (who represented him throughout the plea hearing and the

sentencing) failed to advise Robinson of the case law in relation to his case and the elements of the offense of conspiracy.  Essentially, Robinson maintains that even though he bought cocaine from one person and then resold the cocaine to another person that he is not guilty of a *conspiracy* to sell cocaine, but rather was only guilty of buying and selling cocaine.  Clearly, Robinson does not understand the offense of conspiracy.  However, Robinson's petition and supplemental petition suggest to the Court that this lack of understanding was not due to any failure on the part of Robinson's counsel, but rather was due to Robinson's own belief that he understood the law better than his attorneys.  Robinson's insistence that he was not guilty of a conspiracy to distribute cocaine, despite admitting that he had bought an ounce of cocaine nearly every week for a year and then resold it to others, reflects a foolish stubbornness and unwillingness to listen to the advise of his counsel.

In addition, Robinson seems to suggest his plea was involuntary because had he better understood the elements of conspiracy, he would not have pled guilty.  There is no question that the four corners of the record reflect an unquestionably knowing and voluntary plea.  However, the facial validity of the plea as reflected in a plea hearing does not foreclose the possibility that it was not voluntary because of some factor not reflected in the proceedings.  **Blackledge v. Allison, 431 U.S. 63, 74-75 (1977); Bontkowski v. United States, 850 F.2d 306, 316 (7th Cir. 1988); Evans v. Meyer, 742 F.2d 371, 382 n. 9 (7th Cir. 1984)**.  "In administering . . . § 2255 -. . ., the federal courts cannot fairly adopt a *per se* rule excluding all possibility

that a defendant's representations at the time of the guilty plea was accepted were so much the product of such factors of as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." ***Blackledge*, 431 U.S. at 75**.  The petitioner, must, however, present in his petition allegations regarding the matters outside the record that are not "palpably incredible" or "patently frivolous or false" when viewed in the light of the record as a whole.  ***Id.* at 76**.  In the absence of credible allegations of matters outside the record, the petition is subject to summary dismissal without a hearing. ***Id.***

Faulty legal advice that leads to a petitioner's misunderstanding of the direct consequences of his plea is one of those factors that could render a plea involuntary and thus invalid.  ***See Dickerson v. Vaughn*, 90 F.3d 87, 92 (3rd Cir. 1996)**.  The Supreme Court has long recognized that a plea can only be voluntary if counsel provided competent assistance in connection with the plea.  ***Hill v. Lockhart*, 474 U.S. 52, 56 (1985)**.

Under ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**, Robinson is required to show that his counsel was both incompetent and that, but for his deficient performance, the result would have been different.  "To demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have

pleaded guilty." ***United States v. Bridgeman*, 229 F.3d 589, 592 (7th Cir. 2000)(citing *United States v. Martinez*, 169 F.3d 1049, 1052-53 (7th Cir. 1999)**. The petitioner's burden is heavy because the ***Strickland*** test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." ***United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000)(quotations omitted)**.

In reviewing the transcripts from the change of plea hearing, the Court finds that Robinson testified that he was completely and thoroughly satisfied with his attorney. (Doc. 9, Ex. 1, 5:12 - 5:21.) Robinson also answered in the affirmative that he had read the indictment, discussed it with his attorney, and fully understood it. (Doc. 9, Ex. 1, 4:21 - 5:6.) Furthermore, the Court explained the elements of conspiracy and Robinson answered that he did not have any questions about the elements. (Doc. 9, Ex. 1, 15:8 - 15:19.) Robinson has failed to present any evidence that his attorneys were incompetent or gave him faulty legal advise. Therefore, the Court cannot say that Robinson's counsels' performances prejudiced him or that his counsels' representations fell below an objective standard of reasonableness. The Court finds that Robinson's claims that his counsels were ineffective are without merit. The Court concludes that Robinson's attorneys were not ineffective in representing Robinson in his criminal matter. In fact, the Court finds that their actions were reasonable and sound in light of the facts and circumstances.

**B. Factual Basis of Petitioner's Plea**

Robinson argues that "there exists no evidence to substantiate the petitioner's involvement with conspiracy." This is patently incorrect and, again, reflects Robinson's misunderstanding of the elements that constitute conspiracy. During the change of plea hearing, the Court asked the Government to outline the facts that it would be able to prove. (Doc. 9, Ex. 1, 15:20 - 16:3.) Assistant United States Attorney Ralph Friedrich stated the following:

> [T]he Government's proof would be that Mr. Robinson was friends with an individual by the name of Brian Esposito in the Madison County, Illinois area. Esposito was from Alton. In the early part of the year 2000, Mr. Robinson began to purchase one ounce quantities of powder cocaine from Mr. Esposito. He paid approximately $1,150 per ounce for the cocaine. Mr. Robinson, himself, resold the cocaine to various individuals. This relationship existed for approximately one year, and during that time he purchased approximately 50 ounces from Mr. Robinson (sic), which would be in excess of the 500 grams. And Mr. Robinson, himself, has made a statement to law enforcement authorities, a confession, indicating his involvement with Mr. Esposito.

(Doc. 9, Ex. 1, 16:4-17.) The Court then asked Robinson if he disagreed with anything the Government had said. Robinson said "No, sir" and then the Court directly asked Robinson "did you do the things he said you did?" (Doc. 9, Ex. 1, 16:25.) Robinson replied, "Yes, sir." (Doc. 9, Ex. 1, 17:1.) Finally, the Court asked Robinson after he stated that he would like to plead guilty "why is it that you feel you should plead guilty?" Robinson responded, "Because I'm guilty of it, to the involvement that I sold cocaine." (Doc. 9, Ex. 1, 18:8 - 18:11.)

The facts proffered by the Government coupled with Robinson's admission that he had done the things the Government had averred provided a more

than sufficient factual basis for the Court to accept Robinson's guilty plea. The length of the affiliation (nearly a year) and the standardized nature of the transactions (one ounce, nearly every week for about the same price) are factors that are highly probative to establishing that something beyond a mere buy-sell agreement existed. ***See United States v. Tingle*, 183 F.3d 719, 724 (7th Cir. 1999).** Based on these facts, the Court did not err in accepting Robinson's guilty plea.

### C. Calculating Drug Quantities

Robinson next argues that his Sixth Amendment rights were violated because a jury did not make the drug quantity determination relevant to his sentencing. The Government reasserts, and the Court agrees, that calculation of relevant conduct is not a jurisdictional issue and, therefore, was waived by Robinson's plea. Despite this waiver, Robinson contends that his sentence violates the Sixth Amendments under ***Blakely***. However, Seventh Circuit's decisions in ***Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004)** and in ***McReynolds v. United States*, 397 F.2d 479 (7th Cir. 2005)**, suck the wind from the sails of this argument. In ***Simpson***, Circuit Judge Rovner (writing for the Seventh Circuit) found:

> The rule announced in *Blakely* . . . was not dictated or compelled by *Apprendi* or its progeny. In fact, before *Blakely* was decided, every federal court of appeals held that *Apprendi* did not apply to guideline calculations made within the statutory maximum. . . . Assuming that the Supreme Court announced a new constitutional rule in *Blakely* and that Simpson's sentence violates that rule, the proposed claim is premature. **The Supreme Court has not made the *Blakely* rule applicable to cases on collateral review. . . .** Should the Supreme Court announce

> that *Blakely* applies retroactively to cases on collateral review, Simpson can file a renewed [§ 2255] application.

***Simpson*, 376 F.3d. at 681 (emphasis added)**.  Further, in ***McReynolds*,** then Circuit Judge Easterbrook,[2] (writing for the Seventh Circuit) found:

> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005…. Petitioners' convictions and sentence became final well before *Booker* was issued, and its approach therefore does not govern these collateral proceedings.

***McReynolds*, 397 F.3d at 481.  *See also Ilori v. United States*, 198 Fed.Appx. 543 (7th Cir. 2006)("As we have explained, the Supreme Court did not make *Blakely* applicable to guideline sentences prior to its decision in *Booker*, and *Booker* 'does not apply retroactively to criminal cases that became final before its release on January 12, 2005'")**.  Robinson's conviction became final on or about July 28, 2003, when his time to file for *certiorari* expired.  Thus, neither ***Blakely*** nor ***Booker*** apply retroactively to secure Robinson § 2255 relief.

### D.  Career Offender Enhancement

Finally, Robinson argues that the Court erred in finding that the petitioner's two prior convictions for aggravated battery were "crimes of violence" and that the Court should not have applied the Career Offender enhancement.  Robinson relies on ***Shepard v. United States*, 544 U.S. 13 (2005)** and ***United States v. Ngo*, 406 F.3d 839 (7th Cir. 2005)** to argue that the Court did not have the

---

[2] Judge Easterbrook is currently the Chief Circuit Judge of the Seventh Circuit Court of Appeals.

authority to engage in fact finding when determining whether Robinson's prior convictions were considered a "crime of violence." Each of those cases, however, deal with the problem of a generic offense, which may be more narrowly defined in a certain state, bumping up against the categorical definition of violent crimes under **18 U.S.C. § 924(e)**. In Robinson's case, no fact-finding was necessary for the Court. In Illinois, where Robinson's prior convictions occurred, a person commits aggravated battery when while committing a battery, the person "intentionally or knowingly causes great bodily harm. . . ." Under **U.S.S.G. § 4B1.2(a)**, a crime of violence is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that 1) has as an element the use, attempted use, or threatened use of physical force against the person of another." **720 ILCS 5/12-4**. There is no question, therefore, that Robinson's two prior convictions for "aggravated battery/great bodily harm (as read into the record, *see* Doc. 9, Ex. 1, 10:19 - 10:25) qualify as crimes of violence under **U.S.S.G. § 4B1.1**. Therefore, the Court did not err in applying the Career Offender enhancement.

Accordingly, the Court rejects Robinson's **28 U.S.C. § 2255** petition/motion. Finally, the Court notes that letting Robinson's conviction and sentence stand would not result in a fundamental miscarriage of justice. ***Murray v. Carrier*, 477 U.S. 478, 495 (1986)**.

### III. Conclusion

The Court **DENIES** Robinson's **28 U.S.C. § 2255** petition/motion. The

Court **DISMISSES with prejudice** Robinson's **28 U.S.C. § 2255** petition/motion. Further, the Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

      **IT IS SO ORDERED.**

Signed this 26th day of September, 2007.

      /s/      DavidRHerndon
      **United States District Judge**